IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BILL.COM,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE COX,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:23-cv-26<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On October 19, 2023, the court granted Docket Number 38, Plaintiff Bill.com's motion to enforce the partial settlement agreement that it asserted, and Defendant Danielle Cox denied, the parties had reached. *See* Dkt. No. 49 (transcript of oral ruling); Dkt. No. 45 (minute entry recording oral ruling). Concluding that the parties had reached an agreement to seek a permanent injunction that included at least the prospective provisions of the temporary restraining order the court had previously entered (*see* Dkt. No. 13), the court ordered the parties to propose a permanent injunction that included at least these provisions. *See* Dkt. Nos. 45 & 49. The parties complied with this order, *see* Dkt. No. 46, and the court entered the permanent injunction proposed by the parties, *see* Dkt. No. 48.

Ms. Cox now moves to amend or correct the permanent injunction to provide that Bill.com released its claim for attorneys' fees and costs in exchange for the permanent injunction. *See* Dkt. No. 53. In support of this motion, Ms. Cox submits an email that her current counsel appears to have solicited from her former counsel, Ms. Anderson-West, after the court entered the proposed permanent injunction. *See* Dkt. No. 53-1. In the relevant portion of this email, which is addressed to Kevin Mahoney, counsel for Bill.com, Ms. Anderson-West writes,

> As I understood our previous conversations Kevin, it was my understanding that B[I]LL would not ask Ms. Cox for reimbursement of costs or

1

> attorneys' fees. I recall you saying something to the extent of "keep in mind we can ask for all of our costs and attorneys' fees" when we agreed to the permanent injunction. In my recollection, waiving that right was consideration for Ms. Cox agreeing to the permanent injunction.

*Id*. at 2.

In opposing Ms. Cox's motion, Bill.com offers Mr. Mahoney's email reply, which included the following language:

> Our discussion around fees and costs was that BILL would pursue its fees and costs related to the preliminary injunction hearing if we had to go through it, which Ms. Cox could avoid tacking onto the existing fees and costs by just converting the preliminary injunction to a permanent injunction. [Ms. Cox's new counsel] later appeared and claimed there was no agreement, which is a position the Court rejected. I never offered for BILL to waive all of its fees and costs in this litigation, no[r] would I ever do so. We offered at one point to forego *all* of BILL's fees and costs in exchange for a global release and settlement, which you rejected. We still intend to seek fees and costs for having to file this case and seek injunctive relief in the first place, and of course the significant (and unnecessary) fees incurred by having to move to enforce the agreement we had as to the permanent injunction.

Dkt. No. 55-1 at 1.

The court has already ruled on the scope of the parties' settlement agreement and entered the permanent injunction proposed by the parties. Ms. Cox had ample time to obtain and submit evidence from her former counsel regarding the terms of the parties' settlement agreement before the court granted Bill.com's motion to enforce the settlement agreement. No doubt she did not do so because she knew—or at least anticipated—that Ms. Anderson West would confirm that the parties had in fact agreed to the entry of a permanent injunction, thus damning Ms. Cox's attempt, through new counsel, to deny and avoid the agreement. Not only does Ms. Cox's delay in seeking and submitting evidence from her former counsel render that evidence untimely, it thus appears to reflect gamesmanship and—if not outright dishonesty—at least a striking lack of candor with the court. The court will not countenance such behavior from a litigant or her current counsel.

Further, the only evidence that Ms. Cox offers in support of the parties' purported agreement regarding fees and costs is a *post hoc* email from her former counsel stating counsel's recollection of conversations that took place months earlier, and which counsel for Bill.com disputes. Ms. Cox's evidence thus differs not only in degree, but in kind, from the contemporaneous emails and representations to the court that Bill.com offered, and upon which the court relied, in concluding that the parties had agreed to propose a permanent injunction. *See* Dkt. No. 49 at 26:5–32:23 (transcript of the court's oral ruling canvasing this evidence).

In all events, although the parties had agreed to propose a final injunction—as even the lawyer who represented Ms. Cox at the time the parties reached that agreement acknowledges—Ms. Cox retained new counsel, denied the existence of the agreement, and put Bill.com to the burden of litigating to enforce the partial settlement agreement, thereby forcing Bill.com to incur still more fees and expenses. The court concludes that Ms. Cox's subsequent litigation conduct renders the alleged agreement regarding fees—if it ever existed—unenforceable.

Ms. Cox also moved for leave to amend her answer to the complaint to assert counterclaims against Bill.com. *See* Dkt. No. 52. Magistrate Judge Oberg issued a report and recommendation addressing the motion in which she concluded that that the motion should be denied because Ms. Cox "failed to provide an adequate explanation for her delay in bringing her motion to file counterclaims." Dkt. No. 59 at 8. Ms. Cox has objected to the report and recommendation. *See* Dkt. No. 60.

Although Judge Oberg styled her ruling as a report and recommendation, the court concludes that Ms. Cox's "motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)." *Franke v. ARUP Lab'ys, Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010) (unpublished) (citing *Hall v. Norfolk*

*S. Ry. Co.,* 469 F.3d 590, 595 (7th Cir.2006)); *see also, e.g.*, *MTGLQ Invs., LP v. Wellington*, 856 F. App'x 146, 154 n.9 (10th Cir. 2021) (unpublished); *Lewis v. Clark*, 663 F. App'x 697, 702 (10th Cir. 2016) (unpublished). It follows that Judge Oberg had authority to issue an order resolving the motion and that a report and recommendation was unnecessary.

A district court has "the authority and obligation to apply the appropriate standard of review to whatever decision is issued by the Magistrate Judge." *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009). A district judge may accordingly review a magistrate judge's report and recommendation addressing a nondispositive pretrial matter as if it were an order. *See, e.g.*, *4Brava, LLC v. Sachs*, CV 15-2743, 2018 WL 2254568, at *1 (D. Minn. May 17, 2018); *Prinir (HADAS 1987) Ltd. v. ConAgra Food Packaged Foods Co., Inc.*, CIV.A. 08-914, 2008 WL 5169118, at *1 (D.N.J. Dec. 8, 2008); *Sohngen v. Home Depot USA, Inc.*, CIV. A. 04-1407, 2008 WL 185503, at *1 (W.D. Pa. Jan. 18, 2008). Indeed, the Tenth Circuit has construed a magistrate judge's recommendation granting leave to amend a complaint as if it were an order on a nondispositive pretrial matter, evaluating it under Federal Rule of Civil Procedure 72(a). *See Arabalo v. City of Denver*, 625 F. App'x 851, 870–71 (10th Cir. 2015) (unpublished).

The court will accordingly review Judge Oberg's report and recommendation as if it were an order denying Ms. Cox's motion for leave to file counterclaims. Under Federal Rule of Civil Procedure 72(a), when a party objects to an order issued by a magistrate judge, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." The court will take these two potential bases for setting aside Judge Oberg's conclusion that Ms. Cox's motion should be denied in reverse order.

Under the "contrary to law" standard, the district court will "set[] aside the magistrate judge's order only if it applied an incorrect legal standard." *Crossett v. Carriage Crossing*

*Condominiums*, No. 1:24-CV-125, 2024 WL 4803124, at *2 (D. Utah Nov. 15, 2024) (citation omitted). In concluding that Ms. Cox's motion should be denied, Judge Oberg relied on Federal Rule of Civil Procedure 15, as well as Tenth Circuit cases interpreting that rule. In particular, she invoked *Frank v. U.S. West, Inc.*, in which the Tenth Circuit explained that "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." 3 F.3d 1357, 1365–66 (10th Cir. 1993) (cleaned up). Given this reliance on the governing federal rule and well-settled Tenth Circuit precedent, the court cannot say that Judge Oberg "applied an incorrect legal standard." The court accordingly concludes that Judge Oberg's recommendation was not contrary to law.

    The "clearly erroneous standard . . . requires that the reviewing court affirm [the magistrate judge's order] unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corporation v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up). This is a high standard. As the Seventh Circuit memorably put it in an analogous context, to be clearly erroneous, a decision must be "more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). That is certainly not the case here, given Ms. Cox's evident failure to provide a persuasive justification for her delay in seeking leave to amend. The court accordingly finds no clear error in Judge Oberg's conclusion that Ms. Cox's motion should be denied.

    Finally, Bill.com moves to consolidate with this case a subsequent action that Ms. Cox has filed against it, *Cox v. Bill.Com*, 2:24-cv-380. *See* Dkt. No. 62. Ms. Cox has not opposed the motion; indeed, her filings in the subsequent action suggest that she has relied upon the motion

being granted. *See Cox*, 2:24-cv-380, Dkt. No. 9. Under these circumstances, the court will grant the motion.

For the foregoing reasons, Docket Number 52, Motion for Leave to File Counterclaim, and Docket Number 53, Defendant's Motion for Relief from Order under Rule 60, are **DENIED**. Docket Number 60, Defendant's Objection to the Report and Recommendation of Magistrate Judge Daphne A. Oberg, is **OVERRULED**. Docket Number 62, Plaintiff's Motion to Consolidate, is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2025

By the Court:

Howard C. Nielson, Jr.
United States District Judge